UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE SIMMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT HADLEY, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-2221 AC P<br><br><br>ORDER |

　　　　Plaintiff, a county inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a request for appointment of counsel and declaration of indigency.  ECF No. 2.  Plaintiff has not, however, filed a properly completed application to proceed in forma pauperis or a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a complete affidavit and certified copy of his prison trust account statement.

　　　　 As for plaintiff's request for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

////

U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The only justifications for appointment of counsel that plaintiff offers are that he is unable to afford counsel and that he requests counsel to protect his interests.  ECF No.  These circumstances are not uncommon and do not constitute exceptional circumstances.  The court has also not yet had an opportunity to screen the complaint and is therefore unable to determine plaintiff's likelihood of success on the merits and ability to articulate his claims at this time.  The motion for counsel will therefore be denied without prejudice to renewal at a later stage of the proceedings.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

////

////

////

////

3. Plaintiff's motion for appointment of counsel is denied without prejudice to renewal at a later stage of the proceedings.

DATED: September 28, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE